875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Otis SMITH, Plaintiff-Appellant,
v.
Herbert GRINAGE; Frank Elo, Defendants-Appellees.
 No. 88-2005.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1989.
 
 Before ENGEL, Chief Judge and MERRITT and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 Otis Smith appeals the judgment of the district court dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Smith brought suit against two assistant deputy wardens of the State Prison of Southern Michigan. He alleged that his prison security classification increase resulted in further punishment without due process and was also a denial of equal protection.
 
 
 3
 A magistrate heard the case and recommended granting defendants' motion for summary judgment. The district court accepted the magistrate's report and recommendation. Upon review of the record and briefs, we find no error.
 
 
 4
 Smith was not denied due process. The record makes clear that Smith was reclassified and confined in administrative segregation as the result of disobeying a direct order from a prison guard. It is also clear that he received notice that if he were found guilty of the prison misconduct that he could be classified to a higher security level. Smith had an opportunity to express his views concerning the reclassification and had a review of the charges and evidence by the decisionmaker. See Hewitt v. Helms, 459 U.S. 460, 476 (1983).
 
 
 5
 Smith was not denied equal protection of law. He failed to allege that his confinement in administrative segregation was based upon an unjustified standard such as race, religion or other arbitrary classification. See Oyler v. Boles, 368 U.S. 448, 456 (1962).
 
 
 6
 Accordingly, for the reasons set forth in the magistrate's report and recommendation dated July 29, 1988, as adopted by the district court, we hereby affirm the judgment of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.